UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARCUS SIMPSON, *et al.*, : | Case No. 1:14-cv-375 |
| Plaintiffs, : | |
| : | Judge Timothy S. Black |
| vs. : | |
| VILLAGE OF LINCOLN HEIGHTS, *et al.*, : | |
| Defendants. : | |

**ORDER DENYING PLAINTIFF SIMPSON'S MOTION
FOR RELIEF UNDER CIVIL RULE 60(b)(3) (Doc. 72)**

This civil action is before the Court on Plaintiff Simpson's motion for relief under Civil Rule 60(b)(3) (Doc. 72), and the parties' responsive memoranda (Docs. 75, 76, 78).

### I. PROCEDURAL POSTURE

On November 5, 2015, this Court granted Defendants' motions for summary judgment, entered judgment, and terminated this case on the docket of the Court. (Docs. 52-53). On November 16, 2015, Plaintiff filed a motion for reconsideration which was denied on December 18, 2015. (Docs. 54, 66). On September 22, 2016, the Court of Appeals for the Sixth Circuit affirmed this Court's Order granting Defendants' motion for summary judgment. (Doc. 71).

### II. STANDARD OF REVIEW

Pursuant to Rule 60(b)(3), the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b); and (3) fraud, misrepresentation, or misconduct by an opposing party.

The moving party must demonstrate by clear and convincing evidence that one or more of the types of misbehavior identified in Rule 60(b)(3) occurred, because the Rule could upset the finality of judgments too easily if this were not the case. *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 U.S. App. LEXIS 25358, at *21 (6th Cir. Sept. 17, 1996).

### III. ANALYSIS

Plaintiff alleges that Defendants' counsel perpetrated a fraud on the Court. Specifically, he asserts that the law in Ohio requires a defendant to be tried on a citation violation thirty days from the date the citation was issued. (Doc. 72 at 4). Plaintiff argues that his first appearance relating to the citation in this matter took place more than thirty days following the date of the citation and, therefore, the citation was "unlawful and void[.]" (*Id.* at 3). Based upon these assertions, Plaintiff requests that the Court issue a show cause order to all attorneys who participated in this action, and hold a hearing on the matter. (*Id.* at 4). Further, Plaintiff requests that the Court set aside the summary judgment, due to the alleged "fraud upon the Court[.]" (*Id.*)

The thirtieth day following the issuance of the citation, November 9, 2013, was a Saturday and Mayor's Court was not in session. Notably, the Lincoln Heights Mayor's Court is held every second and fourth Wednesday of the month, and Plaintiff was ordered to appear at the first session of Mayor's Court following the thirtieth day, November 13,

2

2013. Accordingly, it would have been impossible for Plaintiff to appear in Court exactly thirty days from the date of the citation.

However, even if Plaintiff's first appearance did not take place within exactly thirty days of the citation, he still fails to present any evidence in support of his argument that fraud was committed upon the Court. The mere fact that the Mayor's Court was not in session on the thirtieth day following the issuance of the citation is not sufficient to establish that any of the parties in this case, or counsel, willfully acted to deceive the Court. As this Court already noted in its Decision denying Plaintiff's Motion for Reconsideration, Simpson failed to raise this argument previously. (Doc. 66 at 4). Therefore, Plaintiff cannot now base his motion for relief on new grounds that were not previously raised.

Moreover, Plaintiff's assertion that the ticket is void bears no relevance to any of the actual claims in his original Complaint, or any of the arguments Plaintiff presented in this matter. Plaintiff's claims involved complaints of unlawful arrest relating to the capias warrant issued in error by the clerk of courts for a failure to appear, equal protection, and intentional infliction of emotional distress. Whether Plaintiff was given a timely hearing in the criminal matter is not relevant to the civil claims brought in this case.

Therefore, Plaintiff has failed to prove by clear and convincing evidence that he is entitled to relief pursuant to Rule 60(b)(3).

3

## IV. CONCLUSION

Accordingly, Plaintiff Simpson's motion for relief (Doc. 72) is **DENIED**.

**IT IS SO ORDERED**.

Date: 11/1/16

Timothy S. Black
United States District Judge