UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCUS SIMPSON, *et al.*,  :  Case No. 1:14-cv-375
  :
    Plaintiffs,  :
  :  Judge Timothy S. Black
vs.  :
  :
VILLAGE OF LINCOLN HEIGHTS, *et al.*,  :
  :
    Defendants.  :

**ORDER: (1) DENYING PLAINTIFF SIMPSON'S
THIRD MOTION FOR RECONSIDERATION (Doc. 81); and
(2) DENYING PLAINTIFF SIMPSON'S MOTION
FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 83)**

This civil action is before the Court on: (1) Plaintiff Simpson's third motion for reconsideration (Doc. 81), and the parties' responsive memoranda (Docs. 84, 87); and (2) Plaintiff Simpson's motion for leave to appeal *in forma pauperis* (Doc. 83).

### I.    PROCEDURAL POSTURE[1]

On November 5, 2015, this Court granted Defendants' motions for summary judgment, entered judgment, and terminated this case on the docket of the Court. (Doc. 16). On November 16, 2015, Plaintiff Simpson moved the Court for reconsideration, claiming that he should have been given a hearing on his ticket within two weeks of the date of issuance and Sergeant Smith's failure to do so voided the ticket. (Doc. 54 at 2). The Court denied Plaintiff's motion for reconsideration. (Doc. 66). Plaintiff appealed

---

[1] The Court recites the facts of this case in its Order granting summary judgment. (Doc. 52).

the case to the Sixth Circuit and the Sixth Circuit affirmed the Court's judgment on September 22, 2016. (Doc. 71).

Five days later, Plaintiff filed a motion for relief pursuant to Rule 60(b)(3) (Doc. 72), which this Court denied. (Doc. 76).

On November 8, 2016, Plaintiff Simpson filed the instant motion for reconsideration, claiming that the Court committed clear error of law and manifest injustice. (Doc. 81). Plaintiff also filed a second notice of appeal (Doc. 82), and motioned the Court for leave to appeal *in forma pauperis* (Doc. 83).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment.[2] The Sixth Circuit has determined, however, that a motion to alter or amend judgment may be granted only: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Such a motion is extraordinary and is seldom granted

---

[2] Plaintiff Simpson filed a "motion for reconsideration." While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010), district courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case <u>prior to the entry of final judgment</u>. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). A final judgment has already been entered in this case. (*See* Doc. 53). Accordingly, the Court construes the motion to reconsider as a motion to alter or amend judgment pursuant to Federal Rule 59(e).

because it contradicts notions of finality and repose. *Wells Fargo Bank v. Daniels*, No. 1:05cv2573, 2007 U.S. Dist. LEXIS 80694, at *1 (N.D. Ohio Oct. 22, 2007). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).[3]

### III.   ANALYSIS

#### A.   Motion for Reconsideration

First, Simpson does not identify any clear error of law. Plaintiff alleges that the Court misinterpreted Ohio Revised Code Section 2945.71(A). According to Plaintiff, the Court erred when it held that it would have been impossible for a hearing on Plaintiff's charges to have taken place exactly thirty days after the citation was issued, because the Mayor's Court was only held twice a month. (Doc. 81 at 3). Plaintiff argues that the hearing did not have to be held on the thirtieth day, but was required to have taken place within thirty days of the issuance of the citation. (*Id.*)

The law in Ohio is clear that courts may exercise their discretion when it comes to managing their dockets and schedules and the Lincoln Heights Mayor's Court had the authority to determine when it would be most efficient and productive to hold Plaintiff's hearing. *See, e.g., Ehrlich v. Kovack*, No. 1:14cv2560, 2015 U.S. Dist. LEXIS 58684, at

---

[3] *See also U.S. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1988) (motions for reconsideraction are not intended to "regurgitate arguments previously presented or present arguments which originally could have been argued.").

*11 (N.D. Ohio 2015) (courts have the inherent power to control the "disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants[.]").  Notably, Plaintiff was ordered to appear at the first session of Mayor's Court session following the thirtieth day after his citation.

Moreover, Plaintiff does not set forth any evidence to suggest that this slight delay was the result of misconduct on the part of the Court or opposing counsel.  Instead, Plaintiff continuously argues that the delay itself makes the citation void.  However, the Court has already determined that this delay alone does not invalidate the citation, and Plaintiff fails to address or refute this prior finding.  Moreover, as the Court previously held, Plaintiff did not raise this argument at any time prior to his motion for relief under Rule 60(b)(3), and therefore he cannot assert that he is now entitled to relief from judgment based on arguments that were not previously before the Court.  Accordingly, the delay of Plaintiff's hearing does not rise to the level of clear error of law.

<u>Second</u>, Simpson fails to demonstrate manifest injustice.  The citation giving rise to this action was not void, and even if it were, Plaintiff failed to raise this argument previously.  Simpson argues that the citation was void because he was not granted a timely hearing.  (Doc. 81 at 4).  Accordingly, he alleges that counsel in this case submitted "fabricated evidence," upon which the Court based its rulings.  (*Id.*)  Notably, this is the same argument that Plaintiff raised in his motion for relief pursuant to Rule 60(b)(3) -- and just as he did in that motion, Plaintiff again fails to provide any basis or support for this allegation.

4

Plaintiff has not presented any new arguments in support of his claim that the delay of the hearing constitutes clear error of law or that it invalidates the citation. Moreover, Plaintiff does not attempt to refute the Court's prior determination that the slight delay in conducting a hearing fails to establish that any of the parties acted willfully to deceive the Court. (Doc. 79 at 3). Rather, Plaintiff argues that he is "claiming misbehavior directed at the judicial machinery itself[,]" and the "misbehavior" he refers to appears to be the submission of a "void" citation for the Court's consideration. However, the Court has already determined that the citation is valid, and Plaintiff does not contradict any of the Court's previous holdings with respect to this issue. Moreover, Plaintiff's assertion that the ticket is void bears no relevance to any of the actual claims in his original complaint. Plaintiff's claims alleged unlawful arrest relating to the capias warrant issued in error by the clerk of courts for a failure to appear, equal protection, and intentional infliction of emotional distress. Whether Plaintiff was given a timely hearing in the criminal matter may be relevant to the criminal misdemeanor charge itself, but it is unrelated to the civil claims brought in this matter.

Therefore, Simpson cannot meet the requirements of Rule 59(e).

### B. Motion for Leave to Appeal *In Forma Pauperis*

Simpson also seeks leave to appeal *in forma pauperis*. However, his motion does not include an affidavit that "claims an entitlement to redress" or "states the issues that [he] intends to represent on appeal," as required by Federal Rule of Appellate Procedure

5

24(a)(1)(B), (C), and (a)(5). Furthermore, even when liberally construed, Plaintiff's arguments do not constitute appealable issues in this case.

## IV. CONCLUSION

Accordingly, for these reasons, Plaintiff Simpson's motion for reconsideration (Doc. 81) and motion for leave to appeal *in forma pauperis* (Doc. 83) are **DENIED**.

Furthermore, while the Court gives some deference to *pro se* litigants, it will not permit any litigant to use the Court's resources to address filings clearly designed to harass the Court or opposing counsel. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *See, e.g., Hiles v. NovaStar Mortg.*, No. 1:12cv392, 2016 U.S. Dist. LEXIS 14190, at *9 (S.D. Ohio Feb. 5, 2016). This Court has ruled and the Sixth Circuit has affirmed the Court's judgment. This Court will not entertain a fourth motion for reconsideration absent extraordinary consequences.

There is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevon U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Therefore, Plaintiff Simpson must seek leave of Court before submitting any additional filings in this case.

**IT IS SO ORDERED**.

Date:  12/8/16 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge